UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDER ROY SINCLAIR,<br><br>               Petitioner,<br><br>   v.<br><br>CLARK COUNTY PROSECUTOR'S OFFICE, et al.,<br><br>               Respondents. | CASE NO. 3:22-CV-5161-DGE-DWC<br><br>ORDER DECLINING TO DIRECT RESPONDENT TO RESPOND |

The District Court has referred this action to United States Magistrate Judge David W. Christel. On March 14, 2022, Petitioner Alexander Roy Sinclair, a pre-trial detainee housed at the Clark County Jail, filed a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner did not pay the filing fee and, on March 28, 2022, Petitioner filed an Application for Leave to Proceed *In Forma Pauperis*. Dkt. 4.

The Court has now reviewed the Petition and finds the Petition improperly challenges conditions of confinement and is unexhausted. Further, it is inappropriate for the Court to intervene in this case. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by May 9, 2022.

## I. Background

While unclear, Petitioner appears to contend his constitutional rights were violated related to his pending state criminal proceedings. Dkt. 7. He requests dismissal of all charges, immediate release from custody, monetary compensation, and prosecution of the individuals who complied with a forced injection order. *Id.*

## II. Discussion

### A. Conditions of Confinement

In the Petition, Petitioner appears to allege he has been subjected to cruel and unusual treatment at the Clark County Jail. Dkt. 7. Plaintiff also seeks monetary damages. *Id.* An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Here, Plaintiff filed a habeas petition under § 2241, wherein he challenges the conditions of his confinement and his pending criminal proceedings. Petitioner cannot challenge the conditions of his confinement in a § 2241 petition. Therefore, any challenges to the conditions of his confinement cannot proceed in this lawsuit. Accordingly, Petitioner must show cause why this case should not be dismissed as it contains claims that are not cognizable under § 2241.

### B. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275

1   (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been
2   afforded] a meaningful opportunity to consider allegations of legal error without interference
3   from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must
4   give the state courts one full opportunity to resolve any constitutional issues by invoking one
5   complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S.
6   838, 845 (1999).

7   Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the
8   courts have held exhaustion is necessary as a matter of comity unless special circumstances
9   warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-
10  84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he
11  exhausted state court remedies by presenting federal constitutional or statutory claims to the
12  Washington state trial and appellate courts in the ongoing criminal proceedings against him.
13  Petitioner has also not shown special circumstances warrant federal intervention in this case.
14  Therefore, Petitioner must show cause why this case should not be dismissed for failure to
15  exhaust state remedies.

16  C.  *Younger* Abstention

17  Petitioner's case is also inappropriate in federal court under the *Younger* abstention
18  doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is
19  appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding
20  'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state
21  proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or
22  has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v.*
23  *Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp.*
24

1  *Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the

2  *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary

3  circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v.*

4  *Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

5      First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these

6  proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v.*

7  *Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to

8  allege facts showing he has been denied an adequate opportunity to address the alleged

9  constitutional violations in the state court proceedings. Last, the Petition, while unclear, would

10  effectively enjoin the ongoing state judicial proceeding. As the *Younger* abstention may apply to

11  Petitioner's claims, Petitioner must show cause why this case should not be dismissed under

12  *Younger*.

13      D.  <u>Correct Respondent</u>

14      Petitioner names the Clark County Prosecutor's Office, the Clark County Sheriff's

15  Office, the Clark County Jail, NaphCare, Michele Avalon Michalek, and the Clark County

16  Courthouse Judge(s) as respondents. The only proper respondent in a § 2241 action is the

17  individual who has custody over Petitioner. Petitioner has named multiple respondents and it is

18  not clear he has named the individual who has custody over him. Therefore, if Petitioner intends

19  to pursue this action, an amended petition must name *only* the correct respondent.

20      **III.**    **Instructions to Petitioner and the Clerk**

21      If Plaintiff intends to pursue this § 2241 habeas action, he must file response to this Order

22  and an amended petition on the form provided by the Court. The amended petition must be

23  legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should

24

contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the Petition, and not as a supplement. **The amended petition shall not contain any challenges to Petitioner's conditions of confinement.**

The Court notes the proper respondent is the person who has custody over Petitioner. *See* 28 U.S.C. § 2242. If Petitioner files an amended petition, he must ensure the amended petition names the correct respondent.

If Petitioner fails to adequately address the issues raised herein or file an amended pleading on or before May 9, 2022, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Dated this 8th day of April, 2022.

David W. Christel
United States Magistrate Judge