1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  ALEXANDER ROY SINCLAIR,

11          Petitioner,

12      v.

13  CLARK COUNTY PROSECUTOR'S
    OFFICE, et al.,

14

            Respondent.

15

CASE NO. 3:22-CV-5161-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: August 19, 2022

16      The District Court has referred this action to United States Magistrate Judge David W.

17  Christel. The Court has screened Petitioner's federal habeas Petition filed pursuant to 28 U.S.C.

18  § 2241 and finds Petitioner has not stated a viable claim for relief in his Petition. Therefore, the

19  Court recommends the Petition be dismissed without prejudice.

20  **I.      Background**

21      On March 14, 2022, Petitioner Alexander Roy Sinclair, a pre-trial detainee housed at the

22  Clark County Jail, filed a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1.

23  While unclear, Petitioner appears to contend his constitutional rights were violated related to his

24  pending state criminal proceedings. Dkt. 7; *see also* Dkt. 9. He requests dismissal of all charges,

1  immediate release from custody, monetary compensation, and prosecution of the individuals who

2  complied with a forced injection order. *Id*.

3       Petitioner did not pay the filing fee and, on March 28, 2022, Petitioner filed an

4  Application for Leave to Proceed *In Forma Pauperis*. Dkt. 4. On April 8, 2022, after Petitioner

5  filed an Application for Leave to Proceed *In Forma Pauperis*, the Court reviewed the Petition

6  and found the Petition improperly challenges conditions of confinement and is unexhausted.

7  Further, the Court found it would be inappropriate for federal intervention in this case.

8  Therefore, the Court declined to direct Respondent to file an answer and directed Petitioner to

9  file a response to the Court's Order and an amended petition on the form provided by the Court

10  by May 9, 2022. Dkt. 8. On May 11, 2022, Petitioner filed a response to the Court's order.

11  Petitioner did not file an amended petition.

12  **II.    Discussion**

13       A.  Failure to Comply with Court's Order

14       The Court directed to Petitioner to file both a response to the Court's Order and an

15  amended petition on the form provided by the Court. *See* Dkt. 8. Petitioner filed a response, but

16  did not file an amended petition. The Petition fails to identify the proper respondent and includes

17  claims that are not viable in a federal habeas petition. The Response, while unclear, appears to

18  reiterate the same claims that are contained in the Petition. *See* Dkt. 9. As Petitioner has failed to

19  comply with the Court's Order and failed to correct the deficiencies in the Petition, the Court

20  finds dismissal of this action is proper.

21       B.  Conditions of Confinement

22       In the Petition, Petitioner appears to allege he has been subjected to cruel and unusual

23  treatment at the Clark County Jail. Dkt. 7. Petitioner also seeks monetary damages. *Id*. An

24

REPORT AND RECOMMENDATION - 2

1   "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the

2   prisoner's physical confinement itself and seeks either immediate release from that confinement

3   or the shortening of its duration. With regard to such actions, habeas corpus is now considered

4   the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal

5   quotation omitted). "A civil rights action, in contrast, is the proper method of challenging

6   conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

7         Here, Plaintiff filed a habeas petition under § 2241, wherein he challenges the conditions

8   of his confinement and his pending criminal proceedings. Petitioner cannot challenge the

9   conditions of his confinement in a § 2241 petition. Therefore, the Court finds any claims

10   challenging the conditions of his confinement should be dismissed.

11         C.   Exhaustion

12         "[A] state prisoner must normally exhaust available state judicial remedies before a

13   federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275

14   (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been

15   afforded] a meaningful opportunity to consider allegations of legal error without interference

16   from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must

17   give the state courts one full opportunity to resolve any constitutional issues by invoking one

18   complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S.

19   838, 845 (1999).

20         Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the

21   courts have held exhaustion is necessary as a matter of comity unless special circumstances

22   warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-

23   84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he

24

1 | exhausted state court remedies by presenting federal constitutional or statutory claims to the

2 | Washington state trial and appellate courts in the ongoing criminal proceedings against him.

3 | Petitioner has also not shown special circumstances warrant federal intervention in this case. As

4 | Petitioner has not shown he has exhausted his state court remedies, the Court finds the Petition

5 | should be dismissed.

6 |    D. *Younger* Abstention

7 |         Petitioner's case is also inappropriate in federal court under the *Younger* abstention

8 | doctrine. The *Younger* abstention bars federal courts from staying or enjoining pending state

9 | criminal court proceedings unless there are exceptional circumstances. *Carden*, 626 F.2d at 83.

10 | Under *Younger*, abstention from interference with pending state judicial proceedings is

11 | appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding

12 | 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state

13 | proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or

14 | has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v.*

15 | *Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp.*

16 | *Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the

17 | *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary

18 | circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v.*

19 | *Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

20 |         First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these

21 | proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v.*

22 | *Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to

23 | allege facts showing he has been denied an adequate opportunity to address the alleged

24 |

REPORT AND RECOMMENDATION - 4

1 │ constitutional violations in the state court proceedings. Last, the Petition, while unclear, would

2 │ effectively enjoin the ongoing state judicial proceeding.

3 │       To the extent Petitioner claims his competency-related delays have violated his speedy

4 │ trial rights, the Ninth Circuit has made clear such delays are not relevant to the speedy trial

5 │ inquiry. *Trueblood v. Washington State Dep't. of Soc. and Health Servs.*, 822 F.3d 1037, 1044

6 │ (9th Cir. 2016). Moreover, the Ninth Circuit has expressly declined to apply the irreparable harm

7 │ exception to *Younger* abstention where a pre-conviction federal habeas petition seeks to

8 │ vindicate a Petitioner's speedy trial affirmative defense. *Bean v. Matteucci*, 986 F.3d 1128, 1134

9 │ (9th Cir. 2021); *Page v. King*, 932 F.3d 898, 904 (9th Cir. 2019). Thus, even assuming Petitioner

10 │ has a viable speedy trial claim, the claim is not properly before this Court at the present time.

11 │ Similarly, right to counsel and prosecutorial misconduct claims, "[l]ike other rights designed to

12 │ ensure a fair trial, . . . can be vindicated through reversal of the improperly-obtained conviction."

13 │ *Page*, 932 F.3d at 904.

14 │       For the above stated reasons, the Court finds federal intervention is not appropriate at this

15 │ time and finds this Petition should be dismissed.

16 │    E.  <u>Conclusion</u>

17 │       Petitioner has failed to: file an amended petition, as ordered by the Court; name a proper

18 │ respondent; or show he exhausted his state remedies. Further, federal intervention is

19 │ inappropriate under the abstention doctrine. The Court notes Petitioner has filed two additional

20 │ §2241 petitions that have been dismissed because Petitioner has not shown that he exhausted his

21 │ state remedies or that federal intervention is appropriate at this time. *See Sinclair v. Fairgrieve*,

22 │ Case No. 3:21-CV-5744-LK; *Sinclair v. Clark County Courthouse, et al.*, Case No. 3:22-CV-

23 │ 5223-DGE. As Petitioner has not identified any viable claim for relief in his petition for writ of

24 │ habeas corpus, the Court recommends the Petition and this action be dismissed without prejudice.

REPORT AND RECOMMENDATION - 5

1    **III.    Certificate of Appealability**

2        A state prisoner who is proceeding under § 2241 must obtain a Certificate of

3    Appealability ("COA") under § 2253(c)(1)(A) in order to challenge process issued by a state

4    court. *Wislon v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where

5    a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28

6    U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason

7    could disagree with the district court's resolution of his constitutional claims or that jurists could

8    conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

9    *El. v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, Petitioner is not entitled to a

10   certificate of appealability. If Petitioner believes the Court should issue a certificate of

11   appealability, he should set forth his reasons in his objections to this Report and

12   Recommendation.

13   **IV.    Conclusion**

14       For the foregoing reasons, the Court recommends the Petition (Dkt. 7) and this action be

15   dismissed without prejudice. The Court also recommends a certificate of appealability not be

16   issued. Further, the Court recommends the Motion of Indigent Court Order for Supplies (Dkt.

17   10) be denied as moot.

18       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

19   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

20   6. Failure to file objections will result in a waiver of those objections for purposes of de novo

21

22

23

24

REPORT AND RECOMMENDATION - 6

1 | review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

2 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 19,

3 | 2022, as noted in the caption.

4 |       Dated this 29th day of July, 2022.

David W. Christel
United States Magistrate Judge